GEORGIA CONFERENCE OF the AMER-
ICAN ASSOCIATION OF UNIVER-
SITY PROFESSORS et al., Plaintiffs,

v.

BOARD OF REGENTS OF the UNIVER-
SITY SYSTEM OF GEORGIA et al.,
Defendants.

Civ. A. No. 9622.

United States District Court
N. D. Georgia,
Atlanta Division.

Oct. 1, 1965.

Emmet J. Bondurant, Atlanta, Ga., for plaintiffs.

Arthur K. Bolton, Atty. Gen. of State of Georgia, William L. Harper, Paul L. Hanes, Asst. Atty. Gen., Atlanta, Ga., for defendants.

Before BELL, Circuit Judge, and HOOPER and MORGAN, District Judges.

GRIFFIN B. BELL, Circuit Judge.

Plaintiffs are teachers in the University System of Georgia. Defendants are members of the Board of Regents of the University System of Georgia; the Chancellor of the University System; the Superintendent of Schools for the State of Georgia; and the Assistant Attorney General of the State of Georgia charged with promulgating and superintending the State Security Questionnaire. The Chancellor as the chief administrative officer of the University System and the School Superintendent require plaintiffs and the class they represent, other teachers similarily situated, to execute loyalty oaths and to complete security questionnaires pursuant to Georgia statutes.

Plaintiffs complained in their suit that certain portions of these statutes and certain parts of the questionnaire then in use invaded their First Amendment rights, as those rights are protected from state invasion by the umbrella of the due process clause of the Fourteenth Amendment, of freedom of speech, belief, conscience and association.

They seek declaratory and injunctive relief. Jurisdiction rests on Title 28 U.S.C.A. §§ 1331, 1343(3), (4). Declaratory judgment relief is invoked pursuant to 28 U.S.C.A. §§ 2201 and 2202. A three-judge district court was convened under the authority of 28 U.S.C.A. §§ 2281 and 2284. Their suit was brought to redress deprivation of civil rights under 42 U.S.C.A. § 1983. The defendants duly answered the complaint and thereupon both the plaintiffs and defendants moved for summary judgment.

We hold that those portions of the 1935 and 1949 statutes under attack, hereinafter detailed, are unconstitutional as violative of the First Amendment. The security questionnaire has been revised to eliminate those parts complained of and the questions asserted in that regard are moot. No injunctive relief will be granted.

I.

Resolution No. 54 of the General Assembly of Georgia approved March 26, 1935 (Ga.Laws 1935, pp. 1305–1306) requires all teachers in the public schools of Georgia including colleges and universities to take an oath to uphold, support and defend the constitution and laws of Georgia and of the United States, "and to refrain from directly or indirectly subscribing to or teaching any theory of government or economics or of social relations which is inconsistent with the fundamental principles of patriotism and high ideals of Americanism."

The plaintiffs contend that the quoted language is vague and indefinite to the degree that it provides no ascertainable standard of conduct in that men of common intelligence are required, at their peril, to guess at its meaning. They do not object to taking an oath to uphold, support and defend the constitution and laws of the United States and Georgia. This statute also provides that a violation of the oath shall constitute a misdemeanor and subjects the violator to immediate discharge from his position.

It is apparent from a mere cursory reading of this language that it

provides no ascertainable standard of conduct. It is vague and uncertain in that there is no definition of fundamental principles of patriotism or high ideals of Americanism and one would necessarily teach at his peril in the areas of government, economics or social relations. This language is thus unconstitutional and void under the First and Fourteenth Amendments to the Constitution. It constitutes a denial of due process under the Fourteenth Amendment in light of the penal provision, and a prohibited inhibition on the First Amendment right to freedom of speech which right is protected from state invasion by the Fourteenth Amendment. See Baggett v. Bullitt, 1964, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377; and Cramp v. Board of Public Instruction of Orange County, Florida, 1961, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285.

Act No. 224 of the General Assembly of Georgia, approved February 23, 1949 (Ga.Laws, 1949, pp. 960–962), as amended (Ga.Laws, 1950, pp. 282–283), requires every person on the payroll of the State or any of its departments or agencies, or on the payroll of any county or city government, school district or board of education to take the following oath:

"I, _____ a citizen of (Name) _____ and being an employee of _____ and the recipient of public funds for services rendered as such employee, do hereby solemnly swear and affirm that I will support the Constitution of the United States and the Constitution of the State of Georgia, and that I am not a member of the Communist Party and that I have no sympathy for the doctrines of Communism and will not lend my aid, my support, my advice, my counsel nor my influence to the Communist Party or to the teachings of Communism."

Plaintiffs again do not object to that portion of the oath which requires that they support the Constitution of the United States and the Constitution of the State of Georgia nor do they object to swearing that they are not members of the Communist Party. However, the do object to the remaining portion of the oath which requires them to swear and affirm that they have no sympathy for the doctrines of communism and will lend neither aid, support, advice, counsel nor influence to the Communist Party or to the teachings of communism. They say this language is also proscribed because of the uncertainty of its meaning. This statute provides that failure to take the oath shall require the discharge of the employee.

■ The Supreme Court considered substantially the same language required by Florida in its oath in Cramp v. Board of Public Instruction of Orange County, Florida, supra, and found it to be unconstitutionally vague. That case controls the question here presented and it follows that the portion of the oath complained of is also unconstitutional and void.

■ The sum of our holdings with respect to the 1935 statute and the 1949 statute as amended in 1950 is that plaintiffs may be required to swear to uphold, support and defend the Constitution and laws of Georgia and of the United States and that they are not members of the Communist Party. They have not objected to doing so. The balance of the oaths prescribed in these statutes are void.

The oath which the State School Superintendent has substituted for the oath prescribed in the 1935 statute has not been objected to by plaintiffs, but we say in passing that it seems to be without statutory basis.

This is not to say that a state may not take proper measures to safeguard the public service from disloyal employees. It is to say, as the Supreme Court has said in the cases cited above, that the protective measure, i. e., the oath, must allow public servants to know definitely what is and what is not disloyal. They may not be required to guess on penalty

of loss of position or liberty; hence the oath must be couched in language setting a clear standard, and it must be directed to activity, either as an individual or through organizational membership, wherein the overthrow of the federal or state governments by force or violence is advocated, Baggett v. Bullitt, supra.

## II.

Plaintiffs complained of Paragraphs 16(f) and (17) of the state security questionnaire which was in use at the time suit was filed. The authority for the promulgation of this questionnaire is the Sedition and Subversive Activities Act of 1953, Ga.Laws, 1953, pp. 216–222; Ga.Laws, 1953, November Session, pp. 73, 74. Paragraphs 16(f) of the questionnaire required all applicants for employment by the State of Georgia to disclose whether any member of his immediate family was then a member or had been a member of certain organizations classified as subversive in other sections of the questionnaire. It appeared on argument that this provision was suspended by executive order of the Governor in 1953 and was expressly prohibited by statute in 1956. Ga.Laws, 1956, p. 67.[1] In spite of this, apparently through inadvertence, the requirement was continued. After the instant suit was filed and prior to argument, it was removed from the questionnaire and we hold that any question as to it is now moot. As stated, the State by statute has prohibited the use of questions of such type respecting relatives.

The questionnaire in use prior to suit also required in paragraph 17 that applicants for state employment list without limitation all organizations in which they then or had previously held membership. The Supreme Court had this question before it in Shelton v. Tucker, 1960, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed. 2d 231 and concluded that the breadth of an Arkansas statute, similar in import to old paragraph 17, constituted inter-

ference with freedom of association guaranteed under the First Amendment. The court said that it went beyond what might be justified in the exercise of a state's legitimate inquiry into the fitness and competency of teachers. But here too we need not reach the question as this part of the questionnaire is no longer in use. The questionnaire as revised has been limited to provide inquiry as to specific organizations.

The questionnaire has also been enlarged to include inquiry as to whether an applicant is a member, or has ever been a member with knowledge of such purpose at the time, of an organization which advocates the overthrow of the Government of the United States or the Government of the State of Georgia by force or violence. This inquiry is followed by a form for giving the name of such organization in the event the answer is in the affirmative. Plaintiffs do not object to this provision which is in the form of an informational inquiry and which the Supreme Court saved as a legitimate subject matter of inquiry in Baggett v. Bullitt, supra. However, they do contend that any applicant answering in the affirmative should be accorded due process, including notice and hearing, in the event of an affirmative answer, and that this should be afforded prior to any loss of employment or opportunity for employment which might accrue from the affirmative answer. This is not an issue in the case since the state readily concedes that any such applicant would be entitled to all attributes of due process.

## III.

Our holding then is that the stated language in the 1935 and 1949 statutes is unconstitutional, and that the questionnaire as revised no longer presents a justiciable controversy. We believe injunctive relief to be unnecessary. There is no indication that the defendants will not follow the law as herein declared in

1. No person giving any information, whether by answering a questionnaire or otherwise, * * * shall be required to give

any information or answer any questions relative to the membership in any organization of any relative of such person.

the utmost good faith. Moreover, the plaintiffs, through their counsel, stated in open court that they did not believe injunctive relief to be necessary in the event of a declaratory judgment in their favor with respect to some or all of the questions presented. The prayer for injunctive relief is thus denied.

Plaintiffs may submit an appropriate order in accordance with this opinion after due notice to counsel for defendants.